NUMBER 13-02-00534-CR




COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







ELIAS GONZALES GUTIERREZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.






On appeal from the 156th District Court


of Bee County, Texas. 







CONCURRING MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Castillo


Concurring Memorandum Opinion by Justice Castillo


 I concur in the result and agree that the analytical construct defined by the Texas
Court of Criminal Appeals in reviewing legal- and factual-sufficiency challenges in jury trials
applies equally to nonjury trials. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997). I disagree that Malik mandates grafting the language "hypothetically correct
jury charge" into nonjury sufficiency analyses. 

 The court of criminal appeals coined the term "hypothetically correct jury charge"
as shorthand for Malik's cure for a specific ill: a defendant's acquittal on sufficiency
grounds for charge error. See id. ("Moreover, the standard we formulate today ensures
that a judgment of acquittal is reserved for those situations in which there is an actual
failure in the State's proof of the crime rather than a mere error in the jury charge
submitted."). The standard announced in Malik is: 

 Hence, sufficiency of the evidence should be measured by the elements of
the offense as defined by the hypothetically correct jury charge for the case. 
Such a charge would be one that accurately sets out the law, is authorized
by the indictment, does not unnecessarily increase the State's burden of
proof or unnecessarily restrict the State's theories of liability, and adequately
describes the particular offense for which the defendant was tried. This
standard can uniformly be applied to all trials, whether to the bench or to the
jury, whether or not the indictment is facially complete, and regardless of the
specific wording of the jury charge actually given. 


Id. (emphasis added) (footnote omitted). This single statement should not be read in a
vacuum. After Malik, the court of criminal appeals refined what it meant by the term
"authorized by the indictment." Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). 
Curry held that "authorized by the indictment" means "that a sufficiency review must
encompass 'the statutory elements of the offense . . . as modified by the charging
instrument.'" Fuller v. State, 73 S.W.3d 250, 255 (Tex. Crim. App. 2002) (Keller, P.J.,
concurring) (quoting Curry, 30 S.W.3d at 404). 

 I conclude that in jury and nonjury cases alike, we measure the sufficiency of the
evidence against the statutory elements of the offense as modified by the charging
instrument. See Curry, 30 S.W.3d at 404. When reviewing the evidence presented to a
jury, we refer to this analytical construct as a "hypothetically correct jury charge." In
reviewing the sufficiency of the evidence presented in a nonjury trial, however, I would not
use the term "hypothetically correct jury charge." There is no jury charge in the case,
hypothetical or otherwise. 

 Accordingly, I concur in the result in this case because my analysis is the same as
the majority's; only my use of language differs. I do not read Malik and Curry as mandating
use of the term "hypothetically correct jury charge" in nonjury cases, only the analysis
described by the two cases. See Westfall v. State, 970 S.W.2d 590, 595 n.2 (Tex.
App.-Waco 1998, pet. ref'd) ("For the time being, we do not presume that this
'hypothetically correct jury charge' is applicable in bench trials."). Thus, my sufficiency
review in this bench trial case would measure the evidence against the statutory elements
of the offense as modified by the charging instrument. 

 

 ERRLINDA CASTILLO

 Justice



Do Not Publish. 

Tex. R. App. P. 47.2(b).

 

Concurring Memorandum Opinion delivered 

and filed this the 5th day of August, 2004.